UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

DAVID WAYNE HEATH,

Petitioner,

V.

FRANCISCO QUINTANA, Warden,

Respondent.

Civil Action No. 5: 15-354-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

Inmate David Wayne Heath is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without counsel, Heath has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the method used by the Bureau of Prisons ("BOP") to calculate the amount of the payments he must make against his restitution obligation if he wishes to do so under the Inmate Financial Responsibility Plan ("IFRP"). [R. 1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Heath's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Heath committed several bank robberies in Kansas between 2001 and 2006, *United States v. Heath*, No. 6: 01-CR-10030-JTM-1 (D. Kan. 2001); *United States v. Heath*, No. 6: 06-CR-10030-MLB-1 (D. Kan. 2006), and was arrested in 2013 after he committed three more such robberies in Oklahoma. He pled guilty to a single count of robbery in violation 18 U.S.C. § 2113(a), and was sentenced to a 151-month term of imprisonment. *United States v. Heath*, No. 5: 13-CR-102-D-1 / 5:13-CR-154-D-1 (W.D. Okl. 2013).

In his petition, Heath complains that while the 2013 judgment against him directed that he must make payments of ten percent of his quarterly earnings against his $43,000 restitution obligation, the BOP has indicated that if he wishes to participate in the IFRP, he must make payments equal to fifty percent of his monthly income. [R. 1 at 4, 5]

As part of Heath's judgment, the sentencing court directed that:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:
>
> ...
>
> F. ... If restitution is not paid immediately, the defendant shall make payments of 10% of the defendant's quarterly earnings during the term of imprisonment.

[R. 1-3 at 2] Heath contends that under the IFRP, the BOP is required to calculate his payments as set forth in the judgment because it set forth a specific payment plan. [R. 1-1 at 2-3]

The IFRP is a program to encourage inmates to meet their financial obligations. 28 C.F.R. §§ 545.10-545.11; Program Statement 5380.08 (2005). Participation in the program is entirely voluntary, but if the inmate refuses to participate, he will lose various privileges, including bonus pay or vacation pay, higher spending limits at the commissary, and access

to better housing assignments. 28 C.F.R. § 545.11(d)(1)-(11). Because Heath is employed at UNICOR Grade 3 [R. 1-1 at 2], if he wishes to make payments under the IFRP he must "allot not less than 50% of [his] monthly pay to the payment process." 28 C.F.R. § 545.11(b)(2).

Heath's arguments are premised upon his belief that the 2013 judgment mandated that he participate in the IFRP, thus rendering his participation involuntary, and that it established the amount of his payments under the IFRP. He is mistaken on both counts. The 2013 judgment *required* that he make minimum restitution payments of ten percent of his quarterly earnings [R. 1-3 at 2], but only *recommended* that he make payments pursuant to the IFRP. *United States v. Heath*, No. 5: 13-CR-102-D-1 / 5:13-CR-154-D-1 (W.D. Okl. 2013) [R. 18 at 2 ("The Court makes the following recommendations to the Bureau of Prisons: Inmate Financial Responsibility Program at a rate determined by the Bureau of Prisons with the requirements of the program.")] Such recommendations, like the trial court's recommendation that Heath be housed at the Federal Medical Center in Springfield, Missouri and that he be allowed to participate in the Residential Drug Abuse Program, are not binding upon the BOP. Indeed, because "the IFRP is a voluntary program ... an order compelling an inmate's participation is plain error." *United States v. McKnight*, 665 F.3d 786, 795 (7th Cir. 2011).

Instead, the judgment's requirement that Heath pay ten percent of his quarterly earnings towards his restitution obligation established the minimum payment he must make regardless of whether he chose to participate in the IFRP. The IFRP is designed to provide inmates with additional incentives to make payments upon their restitution obligation consistent with their ability to do so. Thus, the BOP has in no way required Heath to pay more than is required by the judgment - it has rather indicated that *if he wished to participate*

*in the IFRP* (which he is not obligated to do) he must make payments consistent with the amounts required by the IFRP in Program Statement 5380.08. See *United States v. Lemoine*, 546 F. 3d 1042, 1046 (9th Cir. 2008) ("The MVRA does not prohibit an inmate from voluntarily making larger or more frequent payments than what was set by the sentencing court. Nor does it limit the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at a faster rate than the court has required.").

Nor is Heath's participation in the IFRP rendered involuntary simply because the BOP imposes costs upon him should he choose not to participate. The benefits withdrawn if he does not participate are privileges, not rights. *Lemoine*, 546 F. 3d at 1046 ("We also reject Lemoine's argument that his participation in the IFRP was involuntary because he would have been denied certain privileges if he had refused to join the program. Lemoine did not have a preexisting right to receive any of the benefits conditioned on his participation during his incarceration, and the consequences the BOP imposes on inmates who refuse to participate in the IFRP are reasonably related to the legitimate penological interest of rehabilitation."); see also *Tisthammer v. Walton*, 542 F. App'x 521, 522-23 (7th Cir. 2013) (BOP does not improperly compel participation in the IFRP by denying privileges to inmates who opt out); *United States v. Snyder*, 601 F. App'x 67, 70-71 (3d Cir. 2015).

Accordingly, **IT IS ORDERED** that:

1. David Wayne Heath's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated April 12, 2016.

Karen K. Caldwell

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY